**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | : |
| | : Chapter 11 |
| AMERICAN INSTITUTIONAL | : |
| PARTNERS, LLC, | : Case No. 11-10709 (MFW) |
| | : |
| Debtor. | : |

## NOTES AND DISCLAIMERS REGARDING THE DEBTOR'S STATEMENT OF FINANCIAL AFFAIRS AND SCHEDULES OF ASSETS AND LIABILITIES

On March 9, 2011 (the "Petition Date"), the above-captioned debtor and debtor-in-possession (the "Debtor") filed a voluntary petition for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtor hereby submits its Statement of Financial Affairs (the "Statement") and Schedules of Assets and Liabilities (the "Schedules") pursuant to section 521 of the Bankruptcy Code and Rule 1007 Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules"). The following notes regarding the Statement and Schedules are fully incorporated into and made part of the Statement and Schedules and should be referred to and considered in connection with any review of the Statement and Schedules:

1. Unless otherwise noted, the financial and other information contained in the Statement and Schedules is derived from the Debtor in accordance with the Debtor's financial reporting and accounting policies and procedures. The information provided for herein, except as otherwise noted, represents the asset and liability data of the Debtor as of the Petition Date.

2. Given the differences between the information to be submitted in the Statement and Schedules and the financial information utilized under Generally Accepted Accounting Principles, the aggregate asset values and claim amounts set forth in the Statement and Schedules may not reflect the values and amounts that would be set forth in a balance sheet or other

financial reports for the Debtor prepared in accordance with Generally Accepted Accounting Principles.

3.     The Statement and Schedules prepared by the Debtor's management and professionals are unaudited.  While the Debtor has tried to ensure that the Statement and Schedules are accurate and complete based upon information that was available at the time of the preparation, the subsequent receipt of information or an audit may result in material changes in financial data contained in the Statement and Schedules.

4.     While the Debtor has sought to file a complete and accurate Statement and Schedules, inadvertent errors and omissions may exist.  The Debtor reserves all rights to amend the Statement and Schedules, in all respects, as may be necessary or appropriate, including, but not limited to, the right to dispute or to assert offsets or defenses to any claim reflected on the Statement and Schedules as to amount, liability or classification of the claim, or to otherwise subsequently designate any claim as "disputed," "contingent" or "unliquidated."  Furthermore, nothing contained in the Statement and Schedules shall constitute a waiver of rights by the Debtor involving any present or future causes of action, contested matters or other issues under the provisions of the Bankruptcy Code or other relevant non-bankruptcy laws.

5.     Any failure to designate a claim on the Statement and Schedules as "contingent," "unliquidated," or "disputed" does not constitute an admission that such claim is not "contingent," "unliquidated," or "disputed." The Debtor reserves the right to dispute, or to assert offsets or defenses to any claim reflected on its Schedules or the Statement as to amount, liability, or classification, or to otherwise subsequently designate any claim as "contingent," "unliquidated," or "disputed." Moreover, the Debtor reserves the right to amend its Schedules and Statement as necessary and appropriate.

6.      The Debtor has sought to allocate liabilities between the pre-petition and post-petition periods based on the information and research that was conducted in connection with the preparation of the Statement and Schedules. As additional information becomes available and further research is conducted, the allocation of liabilities between pre-petition and post-petition periods may change.

7.      Schedule "E" contains the Debtor's best estimate of all of the potential priority claims against the Debtor's estate held by governmental entities. The Debtor has not determined whether, and to what extent, any of the creditors identified on Schedule "E" in fact are entitled to priority under section 507 of the Bankruptcy Code.  The Debtor reserves the right to assert that claims identified on Schedule "E" are not claims that are entitled to priority.

8.      While reasonable efforts have been made to ensure the accuracy of Schedule "G," the Debtor does not make, and specifically disclaims, any representation or warranty as to the completeness or accuracy of the information set forth herein, or the validity or enforceability of any contracts, agreement, or documents listed herein. The Debtor hereby reserves the right to dispute the validity, status, characterization, re-characterization (whether as disguised financings or otherwise) or enforceability of any contracts, agreements or leases set forth herein and to amend or supplement this Schedule "G."

9.      Certain of the contracts, agreements and leases listed on Schedule "G" may have expired or may have been modified, amended and supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments and agreements which may not be listed herein.

# United States Bankruptcy Court
## District of Delaware

In re **American Institutional Partners, LLC**                    Case No.   **11-10709**

Debtor(s)                                         Chapter   **11**

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1. Income from employment or operation of business**

None

■       State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

        AMOUNT                     SOURCE

---

**2. Income other than from employment or operation of business**

None

■       State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

        AMOUNT                     SOURCE

---

**3. Payments to creditors**

None
■

*Complete a. or b., as appropriate, and c.*

a.    *Individual or joint debtor(s) with primarily consumer debts.* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None
■

b.    *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None
■

c.    *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

**4.  Suits and administrative proceedings, executions, garnishments and attachments**

None
☐

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **See Attachment 4a** | | | |

None
☐

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **See Attachment 4b** | | |

* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

**Attachment 4a**

**a. List all suits to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)**

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| David L. Ray, Chapter 7 Trustee v. American Institutional Partners, LLC et al.; Case No. 2:08-ap-01825-BR | Action for Breach of Contract and Other Claims | U.S. Bankruptcy Court, Central District of California, Los Angeles Division<br><br>255 E. Temple Street, Room 940<br>Los Angeles, CA 90012 | Case pending |
| Fairstar Resources Ltd. and Goldlaw Pty Ltd. v. American Institutional Partners, LLC et al.; Civil Case No. 080916464 | Action for Breach of Contract and Other Claims | Third Judicial District Court, Salt Lake County, State of Utah<br><br>450 S. State St.<br>Salt Lake City, UT 84114 | Debtor and other defendants stipulated to judgment |
| Payne & Fears LLP v. American Institutional Partners, LLC et al.; Case No. 30-2008-00109529 | Action for Breach of Contract | Superior Court of the State of California, Orange County, Central District<br><br>700 Civic Center Drive West<br>Santa Ana, CA 92701 | Default judgment entered against Debtor and others |
| American Institutional Partners, LLC et al. v. Fairstar Resources Ltd. and Goldlaw Pty Ltd., Case No. C.A. No. 1:10-CV-00489-JJF-LPS | Action for declaratory and injunctive relief relating to ownership and management of certain Delaware limited liability companies | U.S. District Court, District of Delaware<br><br>844 N. King St. Wilmington, DE 19801 | Case pending; Debtor dismissed from case |

| | | | |
|---|---|---|---|
| AIP Resort Development, LLC and American Institutional Partners, LLC v. David L. Miller, Trustee, et al.; Case No. 2:11-cv-00323-CW | Appeal of Conversion of Chapter 11 Bankruptcy Case to Chapter 7 Bankruptcy Case | U.S. District Court, District of Utah, Central Division<br><br>350 S. Main St., Rm. 150<br>Salt Lake City, UT 84101 | Case pending |

**Attachment 4b**

**b. Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)**

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Fairstar Resources Ltd. and Goldlaw Pty Ltd. c/o Kirton & McConkie 60 E. South Temple, #1800 Salt Lake City, UT 84111 | On or about 4/30/2010 | Non-exempt personal property, including money (cash, checks, coins, stocks, bonds, or other legal tender), deposit slips or financial statements, inventory, equipment, or household goods, including laptop computers, and any other valuable personal property.* (Value unknown) |
| Fairstar Resources Ltd. and Goldlaw Pty Ltd. c/o Kirton & McConkie 60 E. South Temple, #1800 Salt Lake City, UT 84111 | On or about 9/10/2010 | Accounts receivable, claims, debts, and other obligations owed to Debtor by all persons, including AIP Resort Development, LLC. ** (Value approx. $31,000,000) |
| Fairstar Resources Ltd. and Goldlaw Pty Ltd. c/o Kirton & McConkie 60 E. South Temple, #1800 Salt Lake City, UT 84111 | On or about 9/10/2010 | All claims of Debtor against all persons, including AIP Resort Development, LLC.** (Value unknown) |
| Fairstar Resources Ltd. and Goldlaw Pty Ltd. c/o Kirton & McConkie 60 E. South Temple, #1800 Salt Lake City, UT 84111 | On or about 9/10/2010 | Non-exempt personal property, including money (cash, checks, coins, stocks, bonds, or other legal tender), deposit slips or financial statements, inventory, equipment, or household |

| | | goods, including laptop computers, and any other valuable personal property.** (Value unknown) |
|---|---|---|

* The listed property is described in a Writ of Execution obtained on or about April 30, 2010, by Fairstar Resources Ltd. and Goldlaw Pty Ltd. Debtor has requested from their counsel Kirton & McConkie an accounting of the exact items of property, if any, actually seized under this Writ, but to date Kirton & McConkie has failed to provide any helpful response. This Writ also described additional property not listed above in which the Debtor had no right, title or interest.

** The listed property is described in a Writ of Execution obtained by Fairstar Resources Ltd. and Goldlaw Pty Ltd. on or about September 10, 2010. Debtor contested this Writ as being issued improperly and in October 2010, the issuing Court entered an order striking the Writ. Debtor expressly reserves all rights against Fairstar Resources Ltd. and Goldlaw Pty Ltd. and other parties in connection with such matter.

**5. Repossessions, foreclosures and returns**

None ☐

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **See Attchment 5** | | |

**6. Assignments and receiverships**

None ■

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None ■

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

**7. Gifts**

None ■

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

**8. Losses**

None ■

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

**9. Payments related to debt counseling or bankruptcy**

None ■

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**Attachment 5**

**5. List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)**

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Fairstar Resources Ltd. and Goldlaw Pty Ltd. c/o Kirton & McConkie 60 E. South Temple, #1800 Salt Lake City, UT 84111 | 5/18/2010 | All interests of Debtor in AIP/EM Development, LLC* (Value unknown) |
| Fairstar Resources Ltd. and Goldlaw Pty Ltd. c/o Kirton & McConkie 60 E. South Temple, #1800 Salt Lake City, UT 84111 | 5/18/2010 | All interests of Debtor in AIP Jets, LLC* (Value unknown) |
| Fairstar Resources Ltd. and Goldlaw Pty Ltd. c/o Kirton & McConkie 60 E. South Temple, #1800 Salt Lake City, UT 84111 | 5/18/2010 | All interests of Debtor in "AIP Lending, LLC" * (Value unknown) |
| Fairstar Resources Ltd. and Goldlaw Pty Ltd. c/o Kirton & McConkie 60 E. South Temple, #1800 Salt Lake City, UT 84111 | 5/18/2010 | All interests of Debtor in AIP Management, LLC* (Value unknown) |
| Fairstar Resources Ltd. and Goldlaw Pty Ltd. c/o Kirton & McConkie 60 E. South Temple, #1800 Salt Lake City, UT 84111 | 5/18/2010 | All interests of Debtor in AIP Securities, LLC* (Value unknown) |
| Fairstar Resources Ltd. and Goldlaw Pty Ltd. c/o Kirton & McConkie 60 E. South Temple, #1800 Salt Lake City, UT 84111 | 5/18/2010 | All interests of Debtor in P-Lincs 2004-R04, L.L.C. * (Value unknown) |
| Fairstar Resources Ltd. and Goldlaw Pty Ltd. c/o Kirton & McConkie 60 E. South Temple, #1800 | 5/18/2010 | All interests of Debtor in P-Lincs 2004-S02, LLC* (Value unknown) |

| | | |
|---|---|---|
| Salt Lake City, UT 84111 | | |
| Fairstar Resources Ltd. and Goldlaw Pty Ltd. c/o Kirton & McConkie 60 E. South Temple, #1800 Salt Lake City, UT 84111 | 5/18/2010 | All interests of Debtor in P-Lincs 2005-R08, LLC* (Value unknown) |
| Fairstar Resources Ltd. and Goldlaw Pty Ltd. c/o Kirton & McConkie 60 E. South Temple, #1800 Salt Lake City, UT 84111 | 5/18/2010 | All interests of Debtor in Smarthedge, LLC* (Value unknown) |

* Debtor alleges that the sale of these interests was improper and ineffective and reserves all rights in connection therewith, including without limitation the right to obtain declaratory relief to vacate any such purported sale.

**10. Other transfers**

None ☐    a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| **See Attachment 10a** | | |

None ■    b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

**11. Closed financial accounts**

None ■    List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

**12. Safe deposit boxes**

None ■    List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

**13. Setoffs**

None ■    List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

**14. Property held for another person**

None ■    List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

**Attachment 10a**

**a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within 2 years immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)**

**Address for Pelican Equity, LLC:**

> Pelican Equity, LLC
> c/o Mark H. Robbins
> c/o Pearson Law, P.C.
> 10421 S. Jordan Gtwy., Ste. 600
> South Jordan, UT 84095

**Relationship to Debtor:**

> Affiliated by some common ownership and
> some common management

**Date:**

> 04/06/09

**Property Transferred and Value Received:**

> Property-Certain intellectual property, intangibles
> and legal claims

> Value- Arrangement of loan which permitted Debtor to consummate a standstill
> agreement with a judgment creditor

**Address for DPR Management, LLC:**

> DPR Management, LLC
> c/o Mark H. Robbins
> c/o Pearson Law, P.C.
> 10421 S. Jordan Gtwy., Ste. 600
> South Jordan, UT 84095

**Relationship to Debtor:**

> Unrelated at time of transfer; currently affiliated due to
> common ownership and common management

**Date:**
04/06/09

**Property Transferred and Value Received:**

Property-Security interest in all assets of Debtor

Value- Loan and payment by transferee of funds which permitted Debtor to consummate a standstill agreement with a judgment creditor

**15. Prior address of debtor**

None ☐    If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| **155 North 400 West, Ste. 150<br>Salt Lake City, UT 84103** | **American Institutional Partners, LLC** | **May 2003 to March 2009** |

**16. Spouses and Former Spouses**

None ■    If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None ■    a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF<br>GOVERNMENTAL UNIT | DATE OF<br>NOTICE | ENVIRONMENTAL<br>LAW |
|---|---|---|---|

None ■    b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF<br>GOVERNMENTAL UNIT | DATE OF<br>NOTICE | ENVIRONMENTAL<br>LAW |
|---|---|---|---|

None ■    c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF<br>GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

**18 . Nature, location and name of business**

None
☐   a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

    *If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

    *If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME **See Attachment 18** | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|

None
■   b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|---|---|

    The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

    *(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

**19. Books, records and financial statements**

None
■   a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|

None
■   b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|

None
☐   c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|---|---|
| Durham Jones & Pinegar | 111 E. Broadway #900 Salt Lake City, UT 84111 |
| Fairstar Resources, Ltd. This party is improperly in possession of certain books and records of Debtor. Debtor expressly reserves all rights against such party and others in connection with any improper possession or refusal to cooperate in access or return. | c/o Kirton & McConkie 60 E. South Temple, Ste. 1800 Salt Lake City, UT 84111 |

**Attachment 18**

**a. If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within the six years immediately preceding the commencement of this case, or in which the debtor owned 5% or more of the voting or equity securities within the 6 years immediately preceding the commencement of this case.**

**If the debtor is a partnership or corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5% or more of the voting or equity securities, within the 6 years immediately preceding the commencement of this case.**

AIP Belize Club, LLC, a Delaware limited liability company

AIP Capital, LLC, a Delaware limited liability company

AIP/EM Development, LLC, a Utah limited liability company

AIP Funding, LLC (formerly known as "AIP Lending, L.L.C."), a Delaware limited liability company

AIP Hedging Consulting Services, LLC, a Delaware limited liability company

AIP Jets, LLC, a Delaware limited liability company

AIP Management, LLC, a Delaware limited liability company

AIP Resort Development, LLC, a Delaware limited liability company

AIP Securities, LLC, a Delaware limited liability company

Island Resort Development, LLC, a Delaware limited liability company

P-Lincs 2004-R04, L.L.C., a Delaware limited liability company

P-Lincs 2004-S02 LLC, a Delaware limited liability company

P-Lincs 2005-R07 LLC, a Delaware limited liability company

P-Lincs 2005-R08 LLC, a Delaware limited liability company

P-Lincs 2006-S04, LLC, a Delaware limited liability company

Pure Capital LLC, a Delaware limited liability company

Pure Management 7, LLC, a Delaware limited liability company

Smarthedge, LLC, a Delaware limited liability company

Smarthedge Direct, LLC, a Delaware limited liability company

| NAME | ADDRESS |
|------|---------|
| **Kirton & McConkie**<br>**This party is improperly in possession of certain books and records of Debtor. Debtor expressly reserves all rights against such party and others in connection with any improper possession or refusal to cooperate in access or return.** | **60 E. South Temple, Ste. 1800**<br>**Salt Lake City, UT 84101** |

None
■   d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
|------------------|-------------|

---

### 20. Inventories

None
■   a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY<br>(Specify cost, market or other basis) |
|-------------------|----------------------|---------------------------------------------------------------------|

None
■   b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|-------------------|-------------------------------------------------------|

---

### 21 . Current Partners, Officers, Directors and Shareholders

None
■   a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|------------------|--------------------|-----------------------|

None
☐   b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE<br>OF STOCK OWNERSHIP |
|------------------|-------|---------------------------------------------|
| **Seven Investments, LLC**<br>**c/o Mark H. Robbins**<br>**c/o Pearson Law, P.C.**<br>**10421 S. Jordan Gtwy., Ste. 600**<br>**South Jordan, UT 84095** | **Member** | **100%** |
| **Mark H. Robbins**<br>**c/o Pearson Law, P.C.**<br>**10421 S. Jordan Gtwy., Ste. 600**<br>**South Jordan, UT 84095** | **Manager** | **0%** |

---

### 22 . Former partners, officers, directors and shareholders

None
■   a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|------|---------|--------------------|

None
■   b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|------------------|-------|---------------------|

**23 . Withdrawals from a partnership or distributions by a corporation**

None ■  If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

**24. Tax Consolidation Group.**

None ■  If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
| --- | --- |

**25. Pension Funds.**

None ■  If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER IDENTIFICATION NUMBER (EIN) |
| --- | --- |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date  **May 2, 2011**  Signature  _____

**Mark H. Robbins**
**Manager**

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

**Addendum to Statement of Financial Affairs**
**_In re_ American Institutional Partners, LLC (11-10709 (MFW)) (Bankr. D. Del.)**

- In supplement to the Debtor's response to item number 21 of its Statement of Financial Affairs, the Debtor notes that it is a limited liability company; while "limited liability company" is not expressly included in the definition of "corporation" in 11 U.S.C. § 101(9)(A), the Debtor has responded to this item on the premise that a limited liability company is a corporation under the Bankruptcy Code. The Debtor's response should not be construed as an admission or a waiver of its rights with respect to the issue of whether a limited liability company is a "corporation" under the Bankruptcy Code.

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF
## CORPORATION OR PARTNERSHIP

In or about March of 2009, Fairstar Resources Ltd. and its counsel Kirton & McConkie seized the computers and servers containing the records and books of account of the Debtor and its subsidiaries and affiliates. The Debtor believes such seizure and continued possession of such items to be improper and has requested that such computers, servers, records and books of account be returned to the Debtor, but neither Fairstar Resources Ltd. nor Kirton & McConkie has complied with the Debtor's requests. Accordingly, although the accompanying statement is true and correct in all material respects to the best knowledge, information and belief of the Debtor, the Debtor has compiled such statement using all commercially reasonable efforts in good faith but without the benefit (to date) of reviewing many of its own records, books of account and/or documents that will be available once the Debtor and its professional advisors have access to such items.

Subject to the foregoing statement, I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date: May 3, 2011

Mark H. Robbins
Manager