IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMERICAN INSTITUTIONAL PARTNERS, LLC,<br><br>Debtor. | : Chapter 11<br>: Case No. 11-10709 (MFW)<br>:<br>: **Related to Docket No. 36**<br>:<br>: |

# DECLARATION OF JOHN D. MCLAUGHLIN, JR. IN SUPPORT OF MOTION OF AMERICAN INSTITUTIONAL PARTNERS, LLC TO APPROVE SETTLEMENT RESOLVING THE BANKRUPTCY CASE OF <u>DEBTOR-AFFILIATE AIP RESORT DEVELOPMENT, INC.</u>

I, John D. McLaughlin, Jr., a member of the bar of this Court, hereby declare as follows:

1. Ciardi Ciardi and Astin serves as general bankruptcy counsel to American Institutional Partners, LLC, the debtor in possession ("AIP"). I am the Ciardi attorney with principal responsibility for the engagement.

2. Because I will be outside of the United States on 22 June 2011, the date of the hearing on the instant motion, this declaration is submitted in support of the AIP motion to approve a settlement agreement with the [now former] chapter 7 Trustee of the AIP Resort Development, LLC estate (the "AIP 9019 Motion").

3. AIP is the largest creditor of its subsidiary, AIP Resort Development, LLC ("RD"), that was a debtor in a bankruptcy case that was commenced by an involuntary chapter 11 petition in the District of Utah.

4. An order for relief was entered by default in the RD case.

5. The principal asset of RD is a controlling membership interest in a Bahamian entity ("Hermitage") that in turn owns approximately 1400 acres of undeveloped land on Little Exhuma Island in the Bahamas.

6. While the parcel is presently the subject of litigation and is undeveloped, AIP estimated that the value of RD's interest therein could be approximately US$40 million.

7. Subsequent to entry of the order for relief, the Utah bankruptcy court appointed a chapter 11 trustee for RD and the case was thereafter converted to a chapter 7 case.

8. Early in his administration of the RD estate, the chapter 7 trustee filed a motion for the approval of bid procedures and for authorization to auction all of the assets of RD ("Motion"), including the Hermitage interest.

9. On behalf of AIP, I reviewed the Motion and determined that the proposed bid procedures were grossly inadequate for a number of reasons, but most significantly because the Trustee proposed to establish a reserve price of only $20,000 for assets that AIP believes could be worth tens of millions of dollars. The Motion did not demonstrate how that reserve price was established, nor what marketing efforts had been (or would be) taken to maximize the exposure of the assets to the marketplace.

10. When it became clear that the Trustee would push forward on an accelerated schedule with the proposed sale despite the concerns of AIP, I sent an email message to the Trustee's counsel advising him that the AIP estate would object to the Motion, would move to dismiss the RD case, and was reserving all of its rights against the Trustee regarding his administration of the RD estate, including any rights that AIP might have to seek removal of the Trustee pursuant to 11 U.S.C. § 324.

11. Subsequent to this exchange, and in light of further investigation and negotiations with parties in interest, the Trustee entered into a settlement agreement ("Settlement Agreement"), the terms of which are more fully described in the AIP 9019 Motion, and the Trustee joined in the AIP motion to dismiss the RD case.

12. The Settlement Agreement was approved by the Utah bankruptcy court on 10 June 2011, and the RD case was dismissed.

13. The Settlement Agreement provides in part that the AIP estate will release the Trustee generally. Because any potential cause of action against the Trustee would be an asset of the AIP estate, AIP filed its motion under Rule 9019 to obtain approval for the release.

14. Since the RD case was dismissed, and the Trustee discharged, on 10 June 2011, there is no chance for any future accrual of any cause of action.

15. As lead bankruptcy counsel for AIP, I was active in representing it in the RD case in Utah and I am well-acquainted with its concerns about the Trustee's administration of the RD estate. The sole criticism of the Trustee was based on what AIP believed was an ill-conceived strategy to sell the RD assets on an expedited basis without adequate marketing or valuation, using an unqualified auctioneer, and bid-chilling sales procedures.

16. Since the sale strategy and related bid procedures were never implemented, and the RD case is now dismissed, I do not believe that there exist any causes of action of any nature against the now former RD Trustee. Therefore there is no reason for the AIP estate to not grant the Trustee a general release, particularly since the granting of such a release was a key component of the Settlement Agreement.

I declare that the forgoing is true and correct to the best of my knowledge, information and belief, and is made subject to the penalties for perjury or false statements to authorities.

Dated:  19 June 2011          */s/ John D. McLaughlin, Jr.*
                              John D. McLaughlin, Jr.